UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Charles J. Reineck and Jeanette J. Reineck, as successors in interest to the estate of decedent Brandon C. Reineck,<br><br>Plaintiffs<br><br>v.<br><br>United States of America Department of Veterans Affairs,<br><br>Defendant | Case No.: 2:20-cv-01033-JAD-VCF<br><br><br><br>**Order Granting Motion to Dismiss with Leave to Amend**<br><br>[ECF No. 15] |

Pro se plaintiffs Charles and Jeanette Reineck sue the Department of Veterans Affairs for negligence, alleging "[t]hat the VA, through its employees and/or agents, caused the suicide of" their veteran son, Brandon Reineck, in June 2018.[1] The VA filed a motion to dismiss the initial complaint, which the Reinecks opposed.[2] While that motion was pending, the Reinecks filed an amended complaint without leave of court or the VA's written consent.[3] The VA now moves to dismiss[4] that amended complaint, arguing that it was untimely and improper, the Reinecks lack standing, and they fail to state a plausible claim for relief.[5] Because it is unclear what claim the

---

[1] ECF No. 14 at ¶ 2.

[2] ECF Nos. 9, 12.

[3] ECF No. 14.

[4] The Reinecks' opposition briefly refers to the VA's motion as one "for summary judgment" and argues that the VA is "not entitled to judgment as a matter of law." ECF No. 20 at 2–3. The VA urges me to consider its motion as one for dismissal, not for summary judgment, and argues that I should not consider the additional pages the Reinecks included in their response to the first motion to dismiss. ECF No. 21 at 6. At this early stage of litigation, I decline to construe the VA's motion as one for summary judgment or to consider the Reinecks' exhibits because they were not attached to either their initial or amended complaint.

[5] ECF No. 15 at 1.

Reinecks bring or what legal right they have to bring it, I grant the VA's motion to dismiss with leave for the Reinecks to file a second-amended complaint.

## Discussion

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[6] Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[7] The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[8] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[9] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[10]

**A.     The court accepts the amended complaint as the operable pleading.**

The VA's first argument for dismissal is that the Reinecks improperly filed their amended complaint because they failed to seek the court's leave or the VA's written consent before filing.[11] The VA contends that "it is well settled" that pro se litigants "must follow the

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).
[7] *Id.*
[8] *Id.* at 679.
[9] *Id.*
[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[11] ECF No. 15 at 5 (citing Fed. R. Civ. P. 15(a) and L.R. 15-1).

same rules of procedure that govern other litigants."[12] But the VA also acknowledges that courts must construe pro se pleadings liberally.[13] At this early stage of litigation, in the interests of justice, and because the VA has had the opportunity to address the issue, I excuse the Reinecks' procedural errors and accept their amended complaint.[14]

**B.    The amended complaint is deficient because the plaintiffs' right to sue is unclear.**

Though I accept the amended complaint as the operative one, its fundamental deficiencies require me to dismiss it. The first of those deficiencies, as the VA points out, is that the Reinecks have not sufficiently alleged the legal ability to bring an action on behalf of their son.[15] The VA states that "[e]ven under a liberal reading, it is unclear . . . who is suing" and that the Reinecks have merely indicated "that they are the decedent's parents," not the "executors or administrators of their son's estate."[16] Federal Rule of Civil Procedure 17(a)(1) states that "[a]n action must be prosecuted in the name of the real party in interest" and lists categories of individuals (including executors and administrators of estates) who "may sue in their own names without joining the person for whose benefit the action is brought."[17] Although the Reinecks identify themselves as "successors or survivors,"[18] they haven't clearly indicated whether they bring this suit on their own behalf or on their son's, and they haven't shown that they have been

---

[12] *Id.* at 4 (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)) (internal quotation marks omitted).

[13] *Id.* (citing *United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990)).

[14] *See* Fed. R. Civ. P. 15(a)(2); *Klingele v. Eikenberry*, 849 F.2d 409, 413 (9th Cir. 1988).

[15] ECF No. 15 at 6.

[16] *Id.* (citing Fed. R. Civ. P. 17(a)(1) and *Jones v. Las Vegas Metro Police Dep't*, 873 F.3d 1123, 1128–30 (9th Cir. 2017)).

[17] Fed. R. Civ. P. 17(a)(1).

[18] ECF No. 14 at 1.

3

granted the legal status to assert claims on their son's behalf. Thus, it is unclear whether the Reinecks have standing to sue because their legal relationship to their son has not been sufficiently pled. I therefore grant them leave to amend their complaint if they can clearly indicate whether they are bringing their own claim or one on their son's behalf, and, if they do seek to bring claims on his behalf, what the legal basis for that standing to sue is.

**C.    The amended complaint lacks a clear claim.**

The second deficiency that warrants dismissal is that the Reinecks' amended complaint "fail[s] to provide . . . sufficient notice of [their] claims."[19] The VA elaborates that the Reinecks make "passing references" to several potential causes of action—including wrongful death, negligence, and medical malpractice—without pleading sufficient facts in support.[20] I find this to be an accurate characterization. The Reinecks' amended complaint suggests that they are asserting a negligence claim,[21] but it may instead be a medical-malpractice claim or Federal Tort Claims Act (FTCA) claim that they intend to pursue. Whatever the claim is, it is insufficiently pled to permit the VA to fairly respond to it, so I grant the motion and dismiss the entirety of the amended complaint. But because I am not yet convinced that the Reinecks can plead no set of facts that would entitle them to relief, I grant them leave to file a second amended complaint.

**D.    Guidance for filing a second amended complaint**

If the Reinecks choose to file an amended complaint, they are cautioned that an amended complaint replaces the original complaint, so the amended complaint must be complete in

---

[19] ECF No. 15 at 6 (citing *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)).
[20] *Id.*
[21] ECF No. 14 at 3–6.

itself.[22] The Reinecks' amended complaint must therefore contain all claims, defendants, factual allegations, and exhibits that they wish to pursue in this lawsuit. If they choose to pursue a negligence claim or a medical-malpractice claim, they should consider the impact, if any, of the FTCA, which "provides the exclusive remedy for torts committed by federal employees"[23] who are "acting within the scope of their employment."[24] If the Reinecks pursue an FTCA claim, they should consider whether they must first exhaust all administrative remedies with the VA itself and must include exhaustion allegations in their complaint.[25] They should also consider that "the United States is the only proper defendant in an FTCA action."[26] There may be other requirements that the Reinecks should consider and satisfy if they amend their complaint. For example, if they choose to pursue a medical-malpractice claim, they should consider any requirements for that type of claim, such as whether they must provide an affidavit from a medical expert that "[s]upports the allegations contained in the action."[27]

### Conclusion

IT IS THEREFORE ORDERED that the VA's motion to dismiss **[ECF No. 15] is GRANTED**. The amended complaint is **DISMISSED in its entirety**, with leave to amend. If the Reinecks choose to file an amended complaint, they must do so by **October 13, 2021**, and

---

[22] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

[23] *See Berti v. V.A. Hosp.*, 860 F.2d 338, 339 (9th Cir. 1988).

[24] *Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996) (citing *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995)).

[25] 28 U.S.C. § 2675; *see also Alvarado v. Table Mtn. Rancheria*, 509 F.3d 1008, 1019 (9th Cir. 2007).

[26] *Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

[27] *See* Nev. Rev. Stat. § 41A.071.

title it "Second-Amended Complaint." If they fail to file a second-amended complaint by that deadline, this case will be dismissed with prejudice and closed without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
September 13, 2021